**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CAROL NAPIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08-CV-706-CVE-PJC |
| | ) | |
| CINEMARK USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court for Report and Recommendation is the Motion of Defendant Cinemark USA, Inc. ("Cinemark") to Dismiss Claim for Spoliation (Dkt. #5). Cinemark moves to dismiss Plaintiff Carol Napier's ("Napier") claim for spoliation pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The undersigned recommends that the motion be **GRANTED**.

Napier originally filed this action in the District Court in and for Tulsa County, Oklahoma on May 6, 2008 seeking damages for personal injuries sustained as a result of Cinemark's alleged negligence in maintaining its premises and for "tortious spoliation of evidence." Napier alleges that she fell due to a "poorly lit and inadequately marked concrete step" in the Screen 2 theater at Cinemark's 6808 South Memorial Avenue location in Tulsa on May 6, 2006 and that Cinemark was aware of this condition due to other trip-and-falls yet had failed to remedy the known hazard. She further alleges a claim of spoliation as Cinemark remodeled its walkways and lighting throughout the movie theater after the state court ordered Cinemark to allow Napier to photograph its premises on October 8, 2007 but before October 29, 2007, when Napier was scheduled for the photo-shoot.

**Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(6) is properly granted when it appears beyond doubt that plaintiff can prove no set of facts entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Calderon v. Kansas Dept. of Social & Rehabilitative Servs.*, 181 F.3d 1180, 1183 (10th Cir. 1999). In making this determination, the Court must "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in light most favorable to the nonmoving party. *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998); *see also Dill v. City of Edmond*, 155 F.3d 1193, 1201 (10th Cir.1998). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied . . . to protect the interests of justice." *Bangerter v. Orem City Corp.*, 46 F.3d 1491,1502 (10th Cir. 1995). A motion to dismiss for failure to state a claim "is viewed with disfavor, and is rarely granted." *Lone Star Ind., Inc. v. Horman Family Trust,* 960 F.2d 917, 920 (10th Cir. 1992). However, if the plaintiff cannot prevail on his claim as a matter of law, dismissal is appropriate. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989).

**Analysis**

Cinemark moves to dismiss Napier's claim of "tortious spoliation of evidence" as it is not a tort recognized under Oklahoma law. Napier concedes there is no published Oklahoma case which recognizes this tort, but contends it is likely that Oklahoma would follow several other states which do recognize the claim and this Court should so conclude. Alternatively, Napier invites the Court to certify the question to the Oklahoma Supreme Court pursuant to Okla.Stat, tit. 20, §1601 *et seq.* The Court declines to do so as the Court finds that the claim is not actionable under Oklahoma law.

The Court, sitting in diversity, must apply the substantive law that would be applied by

the Oklahoma Supreme Court in this context.  *See Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998) (A federal court in a diversity case must apply the substantive law of the forum state.).  When the Oklahoma Supreme Court has not ruled on the issue, the Court must predict how that court would decide the question.  *Blackhawk-Central City Sanitation Dist. v. American Guarantee and Liability Ins. Co.*, 214 F.3d 1183, 1188 (10th Cir. 2000).  Although the Oklahoma Supreme Court has not ruled on the question, it has stated the following in dicta:

> Patel also claims damages for spoliation of evidence, denominating her claim either spoliation of evidence or prima facie tort. *Neither spoliation of evidence nor prima facie tort (for acts constituting spoliation of evidence) has ever been recognized by this court as actionable.* Because the conduct complained of in this action does not present a case of spoliation of evidence, we need not consider today whether that tort should be recognized as a viable cause of action in this state.
>
> Spoliation is defined as "[t]he destruction of evidence.... The destruction, or the significant and meaningful alteration of a document or instrument." Spoliation occurs when evidence relevant to prospective civil litigation is destroyed, adversely affecting the ability of a litigant to prove his or her claim. Although a few jurisdictions have adopted the tort of spoliation, *most of the courts which have considered the issue have refused to recognize spoliation as an independent cause of action in tort.*

*Patel v. OMH Medical Center, Inc.*, 1999 OK 33 ¶¶ 45-46, 987 P.2d 1185, 1202 (emphasis added, footnotes omitted).

The Court can consider the above dicta in *Patel* in predicting the Oklahoma Supreme Court's decision on the issue.  *See Carl v. City of Overland Park, Kansas*, 65 F.3d 866, 872 (10th Cir. 1995) ("Kansas Supreme Court dicta, which represents that court's own comment on the development of Kansas law, is an appropriate source from which this prediction may be made."); *Pack v. Damon Corp.*, 434 F.3d 810, 818 (6th Cir.2006) (The court "may consider applicable dicta of the state's highest court" in ascertaining how that court would decide the issue.).  Indeed, the Tenth Circuit in *Estate of Trentadue ex re. Aguilar v United States*, 397 F.3d 840 (10th Cir. 2005) has done so in citing the dicta in *Patel*, as well as the absence of any

subsequent Oklahoma Supreme Court decision on the matter and the majority view of other courts that no independent cause of action for spoliation exists in holding that "spoliation is not a recognized tort in Oklahoma"; thus affirming the trial court's rejection of the spoliation claim. *Id*. at 862.  No Oklahoma Supreme Court decision since the Tenth Circuit's decision in *Trentadue* has been handed down and therefore the Court likewise concludes that spoliation is not actionable under Oklahoma law.  *In re Eurospark Ind., Inc.*, 288 B.R. 177, 182-183 (Bkrtcy.E.D.N.Y. 2003) ("[I]f a higher federal court within the same circuit has ruled on the relevant state law issues, that ruling is binding on a lower federal court."); 17A James Wm. Moore et al., Moore's Federal Practice ¶124.22[4] (3d ed. 1997) ("When a higher federal court has ruled on a particular point of state law, a lower court must ordinarily follow that decision in the absence of an intervening, authoritative state decision.").

Accordingly, the Court recommends that Cinemark's motion to dismiss Napier's spoliation claim be **GRANTED** for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Objections

The District Judge assigned to this case will conduct a de novo review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned.  As part of her review of the record, the District Judge will consider the parties' written objections to this Report and Recommendation.  A party wishing to file objections to this Report and Recommendation must do so within ten days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and

Recommendation that are accepted or adopted by the District Court. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991); *Wirsching v. Colorado*, 350 F.3d 1191, 1197 (10th Cir. 2004) and *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

DATED, this 17th day of March, 2009.

_____
Paul J. Cleary
United States Magistrate Judge