**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CAROL NAPIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-CV-0706-CVE-PJC |
| ) | |
| CINEMARK USA, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's timely objection (Dkt. # 20) to the March 17, 2009 report and recommendation (Dkt. # 19) of the magistrate judge, wherein he recommended that defendant's motion to dismiss plaintiff's claim for spoliation of evidence (Dkt. # 5) be granted.

### I.

Plaintiff, Carol Napier, filed this action in the Tulsa County District Court on May 6, 2008. She seeks to recover damages for personal injuries sustained as a result of Cinemark's alleged negligence in maintaining the premises of its theater at 6808 South Memorial Avenue in Tulsa, Oklahoma. Dkt. # 2-2. Plaintiff further asserts a claim for "tortious spoliation of evidence" on the grounds that Cinemark remodeled the walkways and lighting at the theater before she was able to take photographs, but after the state court ordered Cinemark to allow plaintiff on to the premises to do so. Id. Cinemark now moves to dismiss plaintiff's claim for spoliation of evidence (Dkt. # 5).

### II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 10 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579

(10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). De novo review requires the Court to "consider the actual testimony or other evidence in the record and not merely [to] review the magistrate's report and recommendations." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

### III.

A motion to dismiss is properly granted when a complaint or counterclaim provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965, 1974 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. For purposes of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual

averments are insufficient to state a claim [or counterclaim] upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

Defendant moves to dismiss plaintiff's claim for tortious spoliation of evidence on the ground that it is not a recognized tort in Oklahoma. Plaintiff concedes that there is no Oklahoma case law recognizing tortious spoliation of evidence, but argues that, if given the chance, the Oklahoma Supreme Court would likely recognize the tort. Thus, plaintiff argues that the question should be certified to the Oklahoma Supreme Court. A federal court sitting in diversity must apply the substantive law of the forum state. See Sapone v. Grand Targhee, Inc., 308 F.3d 1096, 1100 (10th Cir. 2002). Where the highest court of the forum state has not ruled on an issue, the Court must predict how that court would decide the question. See Vanover v. Cook, 260 F.3d 1182, 1186 (10th Cir. 2001); see also Carl v. City of Overland Park, 65 F.3d 866, 872 (10th Cir. 1995). The Court may consider dicta from the highest court of the forum state in predicting how that court would decide the question. See Lamb v. Rizzo, 391 F.3d 1133, 1138 (10th Cir. 2004).

"Spoliation is defined as '[t]he destruction of evidence . . . The destruction, or the significant and meaningful alteration of a document or instrument.' Spoliation occurs when evidence relevant to prospective civil litigation is destroyed, adversely affecting the ability of a litigant to prove his or her claim." Patel v. OMH Medical Center, Inc., 987 P.2d 1185, 1202 (Okla. 1999) (citing BLACK'S LAW DICTIONARY 1257 (5th ed. 1979)). In Patel, the Oklahoma Supreme Court stated in dicta that "neither spoliation of evidence nor prima facie tort (for acts constituting spoliation of evidence) has ever been recognized by this court as actionable." Id. Plaintiff argues that, if given the chance, the Oklahoma Supreme Court would likely recognize the tort of spoliation of evidence. In support of that argument, plaintiff relies on the court's statement that it "need not consider today

3

whether [the tort of spoliation of evidence] should be recognized as a viable cause of action" because the "conduct complained of in [Patel] does not present a case of spoliation of evidence." Id. However, the Oklahoma Supreme Court acknowledged that "most of the courts which have considered the issue have refused to recognize spoliation as an independent cause of action in tort." Id.  There is nothing in the Patel opinion, nor in any other Oklahoma Supreme Court opinion, to suggest that it would be inclined to recognize the tort of spoliation.  Moreover, the Tenth Circuit has stated that the dicta in Patel reflects that Oklahoma Supreme Court's view with respect to the tort of spoliation of evidence.  Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 862 (10th Cir. 2005) (citing Patel and upholding the district court's rejection of plaintiff's claim of spoliation of evidence because "spoliation is not a recognized tort in Oklahoma.").  There is no cognizable claim for spoliation of evidence in Oklahoma and no reason to certify the question to the Oklahoma Supreme Court. Accordingly, plaintiff cannot state a claim for spoliation of evidence upon which relief may be granted.  The Court finds that the report and recommendation of the magistrate judge should be accepted as entered.

**IT IS THEREFORE ORDERED** that the magistrate judge's March 17, 2009 report and recommendation (Dkt. # 19) is **accepted**, and the motion dismiss the claim for spoliation of evidence (Count 2) (Dkt. # 5) is **granted.**

**IT IS FURTHER ORDERED**  that the objection (Dkt. # 20) is hereby **denied**.

**DATED** this 13th day of April, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT